a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDUARDO HERRERO-SERRANO, Petitioner | CIVIL DOCKET NO. 1:19-CV-461-P |
| VERSUS | JUDGE DRELL |
| CHRIS McCONNELL, ET AL., Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) filed by *pro se* Petitioner Eduardo Herrero-Serrano ("Herrero-Serrano") (#17796-069). At the time of filing, Herrero-Serrano was an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Herrero-Serrano challenges the calculation of his sentence by the BOP.

Because Herrero-Serrano has been released, his claim is moot and the Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

### I. Background

Herrero-Serrano was sentenced to 120 months of imprisonment for kidnapping. (3:10-cr-411, D.P.R.). Herrero-Serrano alleges that he is entitled to additional good conduct time toward his sentence due to the passage of the First Step Act of 2018. (Doc. 1).

According to the BOP inmate locator service, Herrero-Serrano was released on July 1, 2019. (https://www.bop.gov/inmateloc/).

## II.  Law and Analysis

"Article III denies federal courts the power to decide questions that cannot affect the rights of litigants in the case before them . . . ." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). Herrero-Serrano seeks a speedier release from custody. Because Herrero-Serrano has been released, this Court can no longer grant the relief requested, and Herrero-Serrano's claim is moot. If a controversy becomes moot, the case is dismissed for lack of subject matter jurisdiction. Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

To the extent Herrero-Serrano is serving a term of supervised release, he is still "in custody" for purposes of pursuing federal habeas relief. See Maleng v. Cook, 490 U.S. 488, 490–91 (1989); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006; Watkins v. Garrett, 476 F. App'x 430, 432 (5th Cir. 2012). However, even if Herrero-Serrano had been entitled to additional good time credit toward his sentence, federal law provides that those credits cannot be used either to shorten the period of his supervised release, or to shorten the period of any future imprisonment Herrero-Serrano may be required to serve for violating the conditions of his release. 28 C.F.R. § 2.35(b); see United States v. Johnson, 529 U.S. 53, 60 (2000) (holding that the length of a supervised release term may not be reduced by reason of excess time served in prison); Bailey v. Southerland, 821 F.2d 277, 278-79 (5th Cir. 1987).

III. <u>Conclusion</u>

Because Herrero-Serrano's request for relief is moot due to his release, the Petition (Doc. 1) should be DISMISSED for lack of subject-matter jurisdiction, WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Herrero-Serrano's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party

---

[1] <u>Pack v. Yusuff</u>, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); <u>Reed v. Young</u>, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __10th__ day of September 2019.

                                                JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE